UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8609 PA (JEMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. TM Smoke Shop, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS — COURT ORDER**

Plaintiff GS Holistic, LLC ("Plaintiff") commenced this action on November 25, 2022. This action is one of over 140 actions that Plaintiff and Plaintiff's counsel have filed in the Central District since July 1, 2022. On February 27, 2023, this Court issued an Order to Show Cause requiring Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution and Plaintiff's apparent failure to comply with Federal Rule of Civil Procedure 4(m).

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint. Here, by the time the Court issued its Order to Show Cause on February 27, 2023, Rule 4(m)'s 90-day period had already expired and Plaintiff had not filed a proof of service or requested additional time to do so. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On February 28, 2023, Plaintiff's counsel filed a Response to the Order to Show Cause. According to Plaintiff's Response, which is not supported by a Declaration signed under penalty of perjury, "[d]ue to a turnover in staff, documents related to the issuance of the summons and service of process were incorrectly saved to the Plaintiff corporate counsel firm's computer program" and that as a result of "this organizational oversight and excusable neglect, the undersigned Plaintiff's counsel realized only recently that Defendants had yet to be properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8609 PA (JEMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. TM Smoke Shop, Inc., et al. | | |

served in this case." (Response at ¶¶ 3 & 4.)  Plaintiff's counsel does not state when he "realized" that defendants had not been served.  Nor does Plaintiff's counsel explain why he did not promptly seek an extension of time prior to the expiration of Rule 4(m)'s deadline for service.  Plaintiff claims to have attempted to serve defendants on February 26, 2023, but that service failed because the business was closed.  Plaintiff's Response "requests" that Plaintiff be provided with an additional 60 days to serve defendants.

Plaintiff's Response to the Order to Show Cause does not establish "good cause" for an extension of time for Plaintiff to serve defendants.  This is just one of many cases in which Plaintiff's counsel has failed to comply with Rule 4(m) and provided an inadequate explanation for that failure.  These consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, unnecessarily tax the Court's limited resources.  Indeed, the Court has previously admonished Plaintiff and Plaintiff's counsel regarding its prior violations of the Local Rules and the Court's Orders.

The Court has also dismissed other actions filed by Plaintiff as a result of Plaintiff's failures to serve defendants within the deadline established by Rule 4(m) and as a result of Plaintiff's insufficient efforts to diligently prosecute its actions.  In GS Holistic, LLC v. Crown Smoke & Vape, Inc., Case No. CV 22-6110 PA (MARx), for instance, the Court repeatedly identified the procedural deficiencies in Plaintiff's filings and later ordered Plaintiff's counsel to submit a Declaration stating that he had reviewed the Local Rules.  Despite these lesser sanctions, Plaintiff and Plaintiff's counsel continued to violate the Local Rules and repeated some of the same filing errors the Court had repeatedly identified.  In that case, Plaintiff also failed to timely serve one of the defendants, and the Court eventually dismissed the action after Plaintiff missed several deadlines.  In dismissing that action without prejudice as a "lesser sanction," the Court warned that "[a]ny future violations of the Court's Orders, the Local Rules, or the Federal Rules of Civil Procedure by Plaintiff or Plaintiff's counsel in this or other actions pending in this Court will result in the issuance of an order to show cause why Plaintiff and Plaintiff's counsel should not be sanctioned."  Despite all of those warnings, Plaintiff's and Plaintiff's counsel's pattern of missing deadlines and violations of the Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure continue.  In addition to Plaintiff's failure to timely serve defendants in this action, the Court also dismissed GS Holistic, LLC v. Smoker's Paradise Smoke Shop, Case No. CV 22-6747 PA (Ex), for failure to prosecute and comply with the Court's Orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8609 PA (JEMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. TM Smoke Shop, Inc., et al. | | |

The Court therefore concludes that Plaintiff and Plaintiff's counsel have not established good cause for their failure to serve defendants within the deadline established by Rule 4(m). Nor is Plaintiff's Response, which is not supported by a Declaration, and does not comply with the procedural requirements for a Motion seeking relief, establish excusable neglect. The Court therefore dismisses this action under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve defendants or establish good cause for that failure.

Grounds also exist to dismiss Plaintiff's claim against defendants for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing defendants. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8609 PA (JEMx) | Date | March 1, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. TM Smoke Shop, Inc., et al. | | |

F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiff has not timely served defendants. Nor has Plaintiff adequately explained Plaintiff's failure to do so. See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

The fourth and fifth Henderson factors also favor dismissal of this action. The Court's Orders in the prior actions, and admonishments notified Plaintiff and Plaintiff's counsel of the requirements of Rule 4(m), and warned of the consequences of failing to prosecute. Plaintiff was on notice that the failure to adequately prosecute its claims against defendants could result in the dismissal of the action. Despite this notice, Plaintiff has failed to demonstrate that Plaintiff's efforts to serve defendants or to otherwise prosecute Plaintiff's claim against them show diligence. Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the un-served defendants without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissing the action.

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, this action is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

The Court is not a substitute for Plaintiff's counsel's own calendaring of relevant deadlines. The continued violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders by Plaintiff and Plaintiff's counsel risk the imposition of additional and escalating sanctions, including referral of Plaintiff's counsel to the Court's Standing Committee on Discipline.

IT IS SO ORDERED.